ORDER
GRITT, JUDGE:
An application of the claimant, Brent Peruzzi, for an award under the West Virginia Crime Victims Compensation Act, was filed October 27, 2004. The report of the Claim Investigator, filed April 29, 2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on July 8, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed July 14, 2005. This matter came on for hearing October 6, 2005, the claimant appearing in person and by counsel, Timothy N. Logan, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On December 31,2003, the 22-year-old claimant was the victim of criminally injurious conduct in Star City, Monongalia County. The claimant was outside a bar called Crockett’s Lounge when the offender, Michael Downey, stabbed him in the left hand.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the *193 voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
The claimant testified at the hearing of this matter that on the day in question, he had gone to Crockett’s Lounge with some friends. They were waiting to play a game of pool when he was approached by Mr. Downey. Mr. Downey told the claimant that he could not play pool at the table and then began to scream at him. In response, the claimant shoved Mr. Downey. The claimant and Mr. Downey were then asked to leave the bar. The claimant stated that he was waiting outside the bar for his friends to come out when Mr. Downey approached him again, yelling at him. The claimant walked across the street, but Mr. Downey followed him. Mr. Downey pushed the claimant, who then punched Mr. Downey, knocking him to the ground. The claimant saw Mr. Downey reach into his pocket and pull out a knife. Mr. Downey stabbed at the claimant with the knife, which the claimant grabbed with his left hand. The claimant yelled to his friends that he had been stabbed. His friends proceeded to break up the fight, and the police arrived shortly thereafter. The claimant testified that he had had a couple of beers while he was in the bar.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that he did not meet this burden. There was evidence that the claimant first shoved the offender while inside the bar and that he had been drinking. Since there was no evidence presented that the claimant was not guilty of contributory misconduct, the Court must deny this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.